UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA KIRGIN )<br>)<br>      Plaintiff )<br>)<br>vs. )<br>)<br>MERCANTILE ADJUSTMENT )<br>BUREAU, LLC )<br>)<br>      Defendant )<br>) | Case Number<br><br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Victoria Kirgin, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Tammy Wetzel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") *and various other state laws*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

.

## III. PARTIES

4. Plaintiff, Victoria Kirgin, is an adult natural person residing at 3647 Friar Road, Philadelphia, PA 19154.

5. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692 a(2).

6. Defendant, Mercantile Adjustment Bureau, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 6390 Main Street, Williamsville, NY 14221.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff allegedly owed a consumer debt to GE Capital.

9. GE Capital sold the alleged debt to LVNV Funding, LLC.

10. LVNV Funding, LLC retained Defendant to attempt to collect the alleged debt from Plaintiff.

11. Defendant began to contact Plaintiff via home telephone in or about the end of September 2009.

12. Defendant sent Plaintiff a collection notice on or about January 11, 2010, which was the first written collection notice Plaintiff had received from Defendant. Appended hereto and marked "**EXHIBIT A**" is a copy of the collection notice.

13. "**EXHIBIT A**" failed to supply the 30 day validation notice.

14. On or about January 19, 2010, Defendant's agent left a voicemail message indicating the communication was from Defendant's "pre-legal" department.

15. On or about January 21, 2010, Defendant's agent left a voicemail message indicating the communication was from Defendant's "pre-legal department".

16. In a subsequent conversation with Defendant's agent, Plaintiff was told she was speaking to the "pre-legal department".

17. The word "pre-legal" implies that law suit is imminent and the use of the word more than once indicates that Defendant's agents did not say it by mistake but intended deceive Plaintiff regarding the alleged debts legal status.

18. Defendant is not a law firm or a party to any contract with Plaintiff and cannot possibly file suit.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE – FDCPA
## FAIR DEBT COLLECTION PRACTICES ACT
## (FDCPA, 15 U.S.C. § 1692)

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. 1692d Defendant's conduct was harassing, oppressive and abusive to Plaintiff;

    b. 1692e Defendant's representations were false, deceptive and misleading;

    c. 1692e(2) Defendant misrepresented the legal status of the alleged debt;

    d. 1692e(5) Defendant's agents threatened Plaintiff with action that was not intended to be taken;

    e. 1692e(10) Defendant's agents used false representations or deceptive means to attempt to collect the alleged debt from Plaintiff;

    f. 1692e(11) Defendant's agents failed to mini-Miranda Plaintiff;

    g. 1692f Defendant's practices were unfair and unconscionable;

    h. 1692g Defendant failed to send Plaintiff the 30 day validation notice within 5 days of initial contact.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in her favor and against the Defendant, QAR, LLC, for the following:

    a. Declaratory judgment that Defendants' conduct violated the FDCPA and declaratory and injunctive relief for the Defendants' violations of the state Act;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

28. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

29. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

30. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

33. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

35. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

### COUNT THREE – PA UTPCPL
### PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
### (UTPCPL, 73 Pa. C.S. § 201-1 et seq.)

36. The foregoing paragraphs are incorporated herein by reference.

37. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

38. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

39. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

40. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

41. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                    **Respectfully submitted,**

                                    **WARREN & VULLINGS, LLP**

**Date:  January 22, 2010**     **BY:** */s/ Bruce K. Warren*
                                      **BY:** */s/ Brent F. Vullings*
                                        Bruce K. Warren, Esquire
                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff